A. W. FRANK *et al. v.* J. F. ANDERSON *et al.*

1. MARRIED WOMEN. A married woman may rely upon her coverture in bar of the liabilities of a firm of which she may have, during coverture, become a member.

2. PARTERSHIP. A partner may become a creditor of his firm, and the debt is his individual property, which he may assign or transfer to a third party, and in the absence of conflict with other creditors is entitled to be paid out of the partnership effects. The assignees, in such case, stands upon the same ground as other creditors of the firm.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

WHEELER & MARSHALL for complainants.

DEWITT & SHEPHERD for defendants.

COOKE, J., delivered the opinion of the court.

Respondents, Anderson and Burnett, were partners in a grocery store, in which Mrs. Lucy A. Watkins,

a married woman, purchased a one-third interest, paying $500 therefor. Soon afterwards, on November 29, 1880, respondent, Anderson, executed a deed of trust to J. I. Walton as trustee upon his one-third interest in said mercantile concern, and also conveyed in trust to said J. I. Walton as trustee for the benefit of J. W. and J. I. Walton a debt of $977, which said partnership owed him individually for goods of his own which he had sold to the concern. This trust was executed to secure an individual indebtedness of respondent, Anderson, to J. W. and J. I. Walton, and was registered on December 6, 1880. On December 14, 1880, respondent Burnett, with the consent of Anderson, executed a deed of trust to Betterton, trustee, upon the entire effects of the partnership, to secure various debts of the firm due to complainants and others, and among which were included a debt of $300 due to said respondent, Lucy A. Watkins, and the debt of $977 due to Anderson, and transferred or assigned, as before stated, to J. I. Walton, in trust for J. W. and J. I., and which in this trust is described as due to J. W. and J. I. Walton, and these two debts, with some other small ones, were preferred by the trust. The parties have all accepted the benefits of this last deed of trust; said Waltons also having accepted the first.

This bill was filed by complainants, Frank and others, while accepting the provisions of said last deed of trust, attacking these debts secured and preferred to Lucy A. Watkins and J. W. and J. I. Walton as fraudulent and fictitious, and seeking to exclude them

from any benefits under it, and have the partnership effects applied to the satisfaction of the debts of complainants. The partnership is insolvent, and the assets of the concern not more than sufficient, if that, to satisfy the preferred debts.

The defendants, J. I. and J. W. Walton and Lucy A. Watkins, demurred to the bill, which was properly overruled, the cause assigned being that they could not attack the deed of trust and at the same time claim a benefit under it. They then answered fully, denying all the allegations of the bill upon which relief was sought. Judgments *pro confesso* were entered against Anderson and Burnett. Mrs. Lucy A. Watkins admitted that she had undertaken to purchase one-third interest in the firm, for which she paid $500, which she says she is willing to lose, but says she was deceived and imposed upon as to the condition of the business, and avers she was a married woman, and not bound by her agreement to become a partner, and pleads and relies upon her coverture as a protection against any liability on account of the indebtedness of said firm. The proof in the record satisfactorily shows that she did pay $500 in cash for one-third interest in the firm, $300 of which went into the business of the concern, and $200 was paid to J. W. and J. I. Walton upon an individual debt of Anderson. The evidence also estabishes the fact that Mrs. Watkins loaned the firm $400 in cash, which went into the business, and they executed the firm note to her for the same, and which she exhibits; one hundred dollars of which has been paid, and the

remaining $300, with interest, is still due, and is the debt preferred in the trust deed. The testimony also establishes the fact that the firm was indebted to respondent, Anderson, in the sum of $977, which he assigned and transferred as before stated to the Waltons, and which indebtedness was for goods sold by him to the firm, he having had the goods on hand when the partnership was formed, having that amount of goods in value over, after putting in a sufficient amount to make up his part of the capital. This is proven by Burnett, complainants own witness; and the only complaint he makes is that he now thinks Anderson charged too high for the goods.

Upon the hearing the chancellor denied the relief sought as against Mrs. Lucy Watkins, J. W. and J. I. Walton and the trustees, giving complainants a decree against Anderson and Burnett for their debts, and allowing them to participate or take under the trust according to its terms and provisions after the preferred debts are satisfied if any thing remained, and complainants appealed.

The Referees have reported that the decree should be affirmed as to Mrs. Lucy Watkins and reversed as to J. W. and J. I. Walton, and their debt excluded from the benefit of the trust, because as they say, Waltons are not entitled to participate in the assets of the partnership as assignees of one of the partners who is himself bound for all the partnership debts. The complainants have excepted to the report in so far as it recommends an affirmance of the decree as to Lucy A. Watkins, and J.

Frank *v.* Anderson.

W. and J. I. Walton, have excepted to it so far as it recommends a reversal as to them.

We think the chancellor's decree was correct. Mrs. Lucy A. Watkins certainly had the right to plead her coverture against liability for the debts of the firm. She had paid into the concern all she had undertaken to pay, and consents to the entire loss of it. The balance of $300 due upon the note which she holds against the firm was for money loaned the firm by her as an individual, and we can see no reason why she does not stand in the same plight as to that as to any other creditor of the firm. To hold otherwise, would be to punish her for exercising the right which the law casts upon her for her protection as a married woman. Nor can we see why a partner may not be a creditor of his firm. The debt which it may thus owe him is his individual property, and is subject to his individual debts, and we see no reason why he may not assign or transfer it to a third party; and, while in the absence of conflicting claims of individual creditors, an individual cannot prove against a joint estate, in competition with the creditors of the firm, who are in fact his own creditors, and thereby take part of the fund, to the prejudice of those who are not only creditors of the firm but of himself: Story on Partnership, secs. 390, 405–6. Yet this debt subsists against the firm, and in the absence of any conflict with other creditors is entitled to be paid out of the partnership effects. He had a right to transfer it, and having done so before the insolvency of the concern, or at least before it was known, and with-

out fraud, we can see no reason why his assignee does not stand upon the same ground with other creditors of the firm. The fact of the debt having been assigned to secure a *bona fide* debt to Walton, while he thus became the legal owner of the debt, did not have the effect to make him liable for the partnership debts, and this being so, the principle of law cited above, and relied upon by complainants, has no application to him. At the time of these assignments it was competent for the firm to prefer creditors, and the complainant, having failed to establish any fraud in the transaction, it must stand.

It is also objected that the assignment having been made of this debt to J. I. Walton, although for the benefit of J. W. & J. I. Walton, the legal title to the debt being in J. I., as trustee, it was not in fact a debt due to J. W. & J. I., as described in the deed of trust to Betterton, trustee, and consequently they are not entitled to take under that trust. This objection is very technical; and it is a sufficient answer to say that all the parties, both trustee and beneficiaries, are before the court, and all recognized it as the debt of J. W. & J. I. Walton, as in equity it is. So we think there is nothing in this objection.

The report of the Referees will therefore be modified, and the decree of the chancellor affirmed. The costs of this court will be paid by complainants, and of the chancery court as decreed by the chancellor.